Requestor: Francis E. O'Neill, Esq., Board of Fire Commissioners North Castle South Fire District No. 1 P.O. Box 419 Armonk, New York 10504
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether the superintendent of a town water district may run for the office of fire district commissioner.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
You have informed us that the fire district enters into a contract with the town for the rental of town fire hydrants. The superintendent of the water district approves the specifications for the proposed contract and presents the contract to the town board. The town board is responsible for entering into the contract with the board of fire commissioners. In a telephone conversation, you informed us that the superintendent of the water district does not have the option to recuse himself from the responsibility to approve the specifications for the contract.
In our view, the two positions are incompatible. In approving the specifications of the contact for the town board, the superintendent of the water district would have divided loyalties because of his position on the board of fire commissioners. In our judgment, this would result in a conflict of duties between the two positions and render them incompatible. Under the Ryan decision, the individual could run for the position of fire district commissioner, but if elected and upon assuming the office, would vacate the position of superintendent of the water district.
We conclude that the positions of superintendent of a water district and membership on the board of fire commissioners are incompatible where there is a contract between the water district and the fire district.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.